1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11   NELSON HERNANDEZ,                    )     NO. CV 12-4701-DSF (AGR)
                                          )
12              Petitioner,               )
                                          )
13          v.                            )
                                          )
14   K. HOLLAND,                          )     OPINION AND ORDER ON
                                          )     PETITION FOR WRIT OF
15              Respondent.               )     HABEAS CORPUS
                                          )
16                                        )
                                          )
17   _____ )

18          On May 30, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a

19   Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner

20   challenges his conviction in Los Angeles County Superior Court in 2003.

21   (Petition at 2.)

22                                    **I.**

23                     **PROCEDURAL BACKGROUND**

24          Pursuant to Fed. R. Evid. 201, this court takes judicial notice of the records

25   in a prior federal habeas corpus action brought by Petitioner in the Central District

26   of California, *Hernandez v. Hedgpeth*, Case No. CV 07-7036-DSF (AGR)

27   ("*Hernandez I*").  (*See also* Petition at 1.)

28

1    On September 18, 2003, a Los Angeles County jury convicted Petitioner of
2    first degree murder and found true various sentencing enhancements. (Petition
3    at 2). Petitioner's sentence was 50 years to life. (*Id.*)

4    In *Hernandez I*, a Report and Recommendation ("R&R") was issued on the
5    merits on January 11, 2011. On February 7, 2011, the R&R was adopted and
6    judgment was entered dismissing the petition with prejudice. *Hernandez I*, Dkt.
7    Nos. 34, 40, 41.) The matter is currently on appeal. *See* Ninth Circuit Docket,
8    Case No. 11-55337.

9                                   **II.**

10                              **DISCUSSION**

11    The Petition was filed after enactment of the Antiterrorism and Effective
12    Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA
13    in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,
14    138 L. Ed. 2d 481 (1997).

15    The AEDPA provides, in pertinent part: "Before a second or successive
16    application permitted by this section is filed in the district court, the applicant shall
17    move in the appropriate court of appeals for an order authorizing the district court
18    to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not
19    have jurisdiction to consider a "second or successive" petition absent
20    authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.
21    Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th
22    Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence
23    of proper authorization from the court of appeals, consider a second or
24    successive habeas application.") (citation and quotation marks omitted).

25    Here, the Petition is a second or successive petition that challenges the
26    same conviction and sentence imposed by the same judgment of the state court
27    as in *Hernandez I*.

28

2

1    A federal court must dismiss a second or successive petition that raises the
2   same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also
3   dismiss a second or successive petition raising a new ground unless the
4   petitioner can show that (1) the claim rests on a new, retroactive, constitutional
5   right or (2) the factual basis of the claim was not previously discoverable through
6   due diligence, and those new facts establish by clear and convincing evidence
7   that but for the constitutional error, no reasonable factfinder would have found the
8   applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).  It is not
9   the *district court*, however, that decides whether a second or successive petition
10  meets the requirements permitting a petitioner to file a second or successive
11  petition.  Rather, "[b]efore a second or successive application permitted by this
12  section is filed in the district court, the applicant shall move in the appropriate
13  court of appeals for an order authorizing the district court to consider the
14  application."  28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651,
15  657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).  Absent authorization from the
16  Ninth Circuit, this court lacks jurisdiction over the instant Petition.  *Cooper*, 274
17  F.3d at 1274.

18    Rule 4 of the Rules Governing Section 2254 Cases in the United States
19  Courts provides that "[i]f it plainly appears from the face of the petition and any
20  attached exhibits that the petitioner is not entitled to relief in the district court, the
21  judge must dismiss the petition and direct the clerk to notify the petitioner."  Here,
22  summary dismissal is warranted.

23
24
25
26
27
28

### III.

### **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

6/5/12

DATED: _____        _____
                                                          DALE S. FISCHER
                                                    United States District Judge

4